IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 2000 Session

# RANDY L. CHAMBERS v. JONNITA M. CHAMBERS AMONETTE

**Direct Appeal from the Circuit Court for Davidson County**
**No. 92D-721     Muriel Robinson Rice, Judge**

---

**No. M1999-01254-COA-R3-CV - Filed September 22, 2000**

---

At the time of the parties' divorce in 1992, their minor child was placed in the primary residential custody of the mother, and the father was ordered to pay child support in the amount of $300.00 per month. The mother instituted a petition to modify. The father is in the military and, at the time of trial, had a base pay of $2,888.46 per month, which included allowances for BAS, BAH, and BAQ-DIFF. The parties anticipated at the time of trial that the father would be transferred to Korea for one year of service, and then would be transferred to England. According to the father, he would continue to receive his BAQ-DIFF allowance, but, while in Korea, he would no longer receive BAS or BAH allowances. The mother sought an increase in the monthly support payments based upon a significant variation with the Tennessee Child Support Guidelines and based upon reduced visitation by the father. According to the parties' final divorce decree, the father's visitation schedule provided for an average of sixty-nine days of visitation throughout the year, as compared to the anticipated eighty days in the Guidelines. After a hearing on the matter, the trial court denied the petition and ordered the mother to pay the father's costs and attorney's fees. We reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P. J., W.S., and DON ASH, SP. J., joined.

Jacqueline B. Dixon, Nashville, Tennessee, for the appellant, Jonnita M. Chambers Amonette.

Louise R. Fontecchio, Nashville, Tennessee, for the appellee, Randy L. Chambers.

**OPINION**

In June of 1992 the parties were granted an absolute divorce. The final divorce decree incorporated a marital dissolution agreement (MDA) which provided that the parties would have joint legal custody of their minor daughter, Schenley Brianne Chambers, with Jonnita Chambers Amonette (Ms. Amonette) having primary residential custody. The MDA provided that Randy

Chambers' (Mr. Chambers) visitation would consist of four weekends per year, four days at Thanksgiving in even numbered years, two weeks at Christmas in odd numbered years, the full Easter break minus Easter weekend in even years, and seven weeks during the summer - a total of approximately sixty-nine days per year.

The divorce court entered an order requiring Chambers to pay $300.00 per month in child support, which at the time of entry was consistent with the Child Support Guidelines. *See* Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.03 (1989). In June of 1999, Ms. Amonette filed her first petition to modify, seeking an increase in child support based upon a significant variance between the amount of support required by the Guidelines and the support currently received and based upon less visitation by Mr. Chambers than the minimum visitation contemplated in the Guidelines.[1]

The testimony at trial established that Mr. Chambers is in the military and, at the time of trial, was stationed in the Washington, D.C. area. His base pay, which included his BAS, BAH, and BAQ-DIFF military allowances,[2] totaled $2,888.46 per month. Both parties anticipated at the time of trial that Mr. Chambers would be transferred to Korea in July of 1999; would remain there for approximately one year; and, upon the conclusion of his service in Korea, it was anticipated that he would be transferred to England. According to Mr. Chambers, he would continue to receive a BAQ-DIFF allowance while stationed in Korea, yet he would no longer receive BAS or BAH allowances.

Mr. Chambers further testified that since the divorce, he has exercised both holiday and summer visitation. With regard to the four weekends of visitation provided for in the MDA, Mr. Chambers testified that he is unable to exercise this visitation because Ms. Amonette refuses to comply with the terms of the MDA to pay one-half of the cost of the child's air fare.

After a hearing on the matter, the trial court denied the petition to modify and ordered Ms. Amonette to pay Mr. Chambers' costs and attorney's fees. In August of 1999, the trial court modified the visitation schedule so that Mr. Chambers is entitled to exercise an average of seventy-seven days per year rather than sixty-nine days per year. Ms. Amonette filed a notice of appeal of the trial court's judgment, raising the following issues, as we perceive them, for this court's review:

1. Whether the trial court erred in failing to find that there was a significant variance between the amount of support required by the

---

[1] The Guidelines provide for an average of eighty days of visitation per year for the non-custodial parent. *See* Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.02(6) (1989).

[2] BAS and BAH are compensation for the cost of off-base housing and meals. BAS-DIFF allowance is a child support supplement.

Tennessee Child Support Guidelines and the amount of support Mr. Chambers is currently required to pay.

2. Whether the trial court erred in failing to increase Mr. Chambers' child support obligation based upon his failure to exercise the standard eighty days of visitation assumed by the Tennessee Child Support Guidelines.

3. Whether the trial court abused its discretion in awarding Mr. Chambers his costs and attorney's fees.

We conclude that the decision of the trial court must be reversed and remanded for further proceedings consistent with this opinion.

The proper standard for determining whether an existing child support order should be modified is promulgated in section 36-5-101(a)(1) of the Tennessee Code, which states:

> In cases involving child support, upon application of either party, the court shall decree an increase or decrease of such allowance when there is found to be a significant variance, as defined in the child support guidelines established by subsection (e), between the guidelines and the amount of support currently ordered unless the variance has resulted from a previously court-ordered deviation from the guidelines and the circumstances which caused the deviation have not changed.

Tenn. Code Ann. § 36-5-101(a)(1) (Supp. 1999). A significant variance has been defined as a difference of at least fifteen percent between the Guideline amount and the current support obligation. *See* Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.02(3) (1994) ("a significant variance shall be at least 15% if the current support is one hundred dollars ($100.00) or greater per month"). The court is required to modify the award amount if a significant variance is found, unless the variance was the result of a previous court decision to deviate from the Guidelines and the circumstances surrounding the deviation have not changed. ***See id.***

Where established orders are reviewed for modification, the obligor has the burden of proving his or her income. ***See Kirchner v. Pritchett***, No. 01-A-01-9503-JV-00092, 1995 WL 714279, at *3 (Tenn. Ct. App. Dec. 6, 1995) (***no perm. app. filed***); Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.03(3)(f) (1994). At trial, Mr. Chambers entered into evidence his leave and earnings statement, showing a base pay, as of May 31, 1999, of $1,844.10, with an additional $257.46 for BAS, $636.00 for BAH, and $150.90 for BAQ-DIFF allowances, for a total salary of $2,888.46 per month. Mr. Chambers testified that the BAH and BAS allowances were compensation for the cost of off-base housing and meals and that the BAQ-DIFF allowance was a child support supplement. Mr. Chambers further testified that upon his transfer to Korea, he will not receive the BAH or BAS allowances.

"Determining the amount of the non-custodial parent's income is the most important element of proof in a proceeding to set child support." *Turner v. Turner*, 919 S.W.2d 340, 344 (Tenn. Ct. App. 1995); *Kirchner*, 1995 WL 714279, at * 2; SUSAN F. PAIKIN ET AL., *Child Support*, 2 Fam.L. & Prac. (MB) § 33.11[1][a] (1995). The Guidelines require that a modification be based on the existing support obligation and the non-custodial parent's current income. *See Turner*, 919 S.W.2d at 344. At the *time of trial*, Mr. Chambers' income per month was $2,888.46. Although Mr. Chambers testified that his income would not include BAH or BAS allowances once he moved to Korea, his *then current* income included those allowances; thus, the BAH and BAS allowances must be considered by this court.[3] Furthermore, Rule 1240-2-4-.03(3)(a) requires that "in kind" remuneration be imputed as income, which includes "the value of on-base lodging and meals in lieu of BAQ and BAS for a military member." Tenn. Comp. R. & Regs. tit. 10, ch. 1230-2-4-.03(3)(a) (1994). In the recent case of *Hayes v. Hayes*, No. W1999-00445-COA-R3-CV, 2000 WL 987331, at *3 (Tenn. Ct. App. July 12, 2000) (*no perm. app. filed*), this court noted that "[a]n individual that is in the military receives lodging and meals, or an allowance in lieu thereof, as part of his or her compensation." According to *Hayes*, then, the value of Mr. Chambers' on-base lodging and meals while in Korea would have to be imputed as income if the trial had occurred after his transfer.

The current Guidelines presume that child support based on a monthly income of $2,888.46 would be approximately $474.00 for one child per month. Currently, Mr. Chambers is paying $300.00 in child support per month. Based on this court's calculations, a fifteen percent variance would be $345.00 per month. Thus, it is apparent to this court that a significant variance exists between the current support obligation and the Guideline amount.

This court hears these cases based on *de novo* review, and we "are empowered, when necessary, to grant the parties the relief to which they are entitled under the applicable law and the facts of the case." *Turner*, 919 S.W.2d at 345; *see also* Tenn. R. App. P. 13(b), (d). We conclude that the present record contains sufficient evidence to determine that a significant variance exists between the amount of Mr. Chambers' current support obligation and the amount of support required by the Guidelines based on Mr. Chambers' current income.

The second issue on appeal is whether Mr. Chambers should be required to pay more child support due to his failure to exercise the visitation contemplated in the Guidelines. Rule 1240-2-4-.04(1)(b) states:

> If the child(ren) is/are not staying overnight with the obligor for the *average* visitation period of every other weekend from Friday evening to Sunday evening, two weeks during the summer and two weeks during holiday periods throughout the year, then an amount *shall* be added to the percentage calculated in the above rule to compensate the obligee for the cost of providing care for the child(ren) for

---

[3] While this court's decision is based upon the circumstances existing at the time of trial, Mr. Chambers is not necessarily precluded from seeking relief from the court if a significant change in his income should in fact occur.

the amount of time during the average visitation period that the child(ren) is/are not with the obligor.

Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.04(1)(b) (1997) (emphasis added).

At trial, Mr. Chambers testified that he exercised an average of sixty-nine days per year of visitation with his minor daughter. Mr. Chambers further testified that he would exercise eight additional days of visitation with his daughter if his ex-wife would pay for one-half of the air fare expense for the child's transportation as she was required to do under the MDA. Whatever the reasons may be that Mr. Chambers does not exercise his full eighty days of visitation, the fact remains that his child needs to be supported. *See Dwight v. Dwight*, 936 S.W.2d 945, 949 (Tenn. Ct. App. 1996). However Mr. Chambers has recourse if Ms. Amonette fails to comply with the visitation arrangement established by the MDA and modified by the court below.

The Guidelines require this court to deviate upward where the non-custodial parent exercises less than average (80 days) visitation. *See* Tenn Comp. R. & Regs. tit. 10, ch. 1240-2-4-.04(b) (1997); *Nash v. Mulle*, 846 S.W.2d 803, 805 (Tenn. 1993) ("[W]hen this level of visitation [80 days] does not occur, child support should be adjusted upward to provide for the additional support required of the custodial parent."). The rationale for this requirement is provided in Rule 1240-2-4-.04(5) which states, "[i]n deviating from the guidelines, primary consideration must be given to the best interest of the child(ren) for whose support the guidelines are being utilized." Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.04(5) (1997); *see also Contreras v. Ward*, 831 S.W.2d 288, 289 (Tenn. Ct. App. 1991). Although this court recognizes that Mr. Chambers' current visitation schedule does not significantly vary from that contemplated by the Guidelines, the fact remains that Mr. Chambers does not exercise eighty days of visitation, for whatever reason, and the Guidelines serve as a minimum basis for determining child support. Accordingly, we conclude that the amount of child support Ms. Amonette receives must be increased by an amount equivalent to eleven days[4] to reflect the parties' true state of affairs.

In *Casteel v. Casteel*, No. 03A01-9703-CV-00073, 1997 WL 414401, at ** 1-3 (Tenn. Ct. App. July 24, 1997) (*perm. app. denied*), the custodial mother had the parties' children for 234 days per year, and the father exercised visitation 131 days of the year. This court determined that the circumstances of the case justified a downward deviation from the Guidelines and established a formula for determining the deviation. We find the formula established in *Casteel* to be dispositive. The formula as it applies to this case is as follows:

(1)   Determine the annual amount of support under the Guidelines:

**$474.00 per month x 12 months = $5,688.00 per year; $15.58 per day.**

---

[4]Testimony at trial was that Mr. Chambers exercised an average of 69 days of visitation per year. (80 - 69 = 11).

(2)     Determine what proportion of that annual amount is attributable to the decreased visitation, any amount under 80 days per year being considered insufficient:

*80 - 69 days = 11 days insufficient*
*11 days at $15.58 per day = $171.38 per year; $14.28 per month.*

(3)     Increase the Guideline amount by the amount attributable to decreased visitation:

*$474.00 + $14.28 = $488.28*

Ms. Amonette requests that this court apply the modified child support retroactively to the date of the filing of the petition to modify. In *Gotten v. Gotten*, this court held:

> The appellate court acts only upon the record in the case in the trial court and when the appellate court enters an order modifying the trial court order it is doing what should have been done in the first instance. The modification of the trial court order should be effective as of the date of the trial court order. ***Therefore, we hold that a judgment of the appellate court reversing or modifying the trial court judgment providing for periodic payments of alimony or child support is effective as of the date of the trial court judgment . . . .***

*Gotten v. Gotten*, 748 S.W.2d 430, 431 (Tenn. Ct. App. 1987) (emphasis added). Thus, we hold that the modification in child support should be effective as of August 25, 1999.

The last issue on appeal regards attorney's fees. Ms. Amonette alleged in her brief that there is no authority under Tennessee law for the order of the trial court awarding Mr. Chambers attorney's fees in the amount of $750.00 and costs in the amount of $185.00. We disagree with this argument. Section 36-5-103(c) of the Tennessee Code states:

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Tenn. Code Ann. § 36-5-103(c) (Supp. 1999); *see also Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995) ("The decision to award attorney's fees rests within the discretion of the trial court."). Section 36-5-103(c) of the Tennessee Code is authority for the trial court to award attorney's fees in child support modification cases. Additionally, the Tennessee Supreme Court held in *Deas v. Deas*, 774 S.W.2d 167, 169 (Tenn.1989), that a party's prayer for general relief is ordinarily sufficient to authorize an award of attorney's fees under section 36-5-103(c) of the

Tennessee Code. ***See also Gaddy v. Gaddy***, 861 S.W.2d 236, 241 (Tenn. Ct. App. 1992) (a showing of inability to pay attorney's fees is not a prerequisite for awarding attorney's fees). In the instant case, both parties prayed for attorney's fees in their respective pleadings. These prayers for relief were enough to support the trial court's award of attorney's fees, and thus, we conclude that the trial court did not abuse its discretion. The trial court did, however, award attorney's fees to Mr. Chambers "[b]ecause the Court [found] that the Petition [to modify filed by Ms. Amonette was] frivolous" in that Ms. Amonette "failed to present any proof that there [had] been any change of circumstances sufficient to modify the Final Decree." Our review of the issue of attorney's fees is ***de novo***, and the decision of whether to award attorney's fees in this case is in our discretion. ***See Archer***, 907 S.W.2d at 419.

According to section 36-5-101(a)(1) of the Tennessee Code, the trial court ***must*** modify child support payments if a significant variance is found between the amount suggested in the Guidelines and the amount of support currently ordered. Tenn. Code Ann. § 36-5-101(a)(1) (Supp. 1999). Furthermore, the rules ***require*** that the trial court order a deviation from the Guidelines amount if the non-custodial spouse exercises more or less visitation than the eighty days contemplated by the Guidelines. ***See*** Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.04(1)(b) (1997). Based on the evidence presented, we believe that there were justiciable questions raised regarding whether a significant variance existed between the amount of child support Ms. Amonette received and the amount contemplated by the Guidelines and whether Mr. Chambers exercised less visitation than that contemplated by the Guidelines. Based on this finding, we conclude that the petition to modify filed by Ms. Amonette was not frivolous, and thus we reverse the trial court's awarding of attorney's fees to Mr. Chambers.

Based on the foregoing, we reverse the trial court's dismissal of Ms. Amonette's petition to modify and its award of attorney's fees to Mr. Chambers. On remand, the trial court is instructed to enter an order increasing the child support payments to be paid by Mr. Chambers to Ms. Amonette to $488.28 per month, effective retroactively to August 25, 1999. Having reviewed the statement of evidence, we find no evidence to support a deviation from the Guidelines. The costs of this appeal are taxed to Mr. Chambers and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE